**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JOSE EDENILSON CALDERON SANCHEZ | CIVIL ACTION NO. 26-3902 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JASON BENZEL, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is Jose Edenilson Calderon Sanchez's ("Petitioner") Motion for a Temporary Restraining Order. See Record Document 2. The motion seeks emergency injunctive relief.

Petitioner was detained on or about September 19, 2026. See Record Document 1. Since that date, Petitioner remained in ICE custody at Elizabeth Contract Detention Facility in Elizabeth, New Jersey. See id. On September 22, 2026, Petitioner was transferred to the Winn Correctional Center in Winnfield, Louisiana. See Record Document 5. On October 2, 2026, this case was transferred from the United States District Court for the District of New Jersey to the United States District Court for the Western District of Louisiana. See Record Documents 11 & 12.

Petitioner is currently being detained on an immigration charge at the Winn Correctional Center in Winnfield, Louisiana. See Record Document 11. He has a pending application for Habeas Corpus. See Record Document 1. He argues in his Habeas Petition that his continued detention without an individualized bond hearing violates due process. See id. In his Motion for a Temporary Restraining Order, he seeks immediate

release or, alternatively, an individualized bond hearing. See Record Document 2. He further asks the Court to restrain Respondents from transferring him out of the District of New Jersy, outside the state of New Jersey, or from removing him from the United States. Id.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks the injunctive relief of immediate release. Such relief is similar to the ultimate relief requested in his Habeas Petition. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole. Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

As for Petitioner's request to prohibit transfer from the District of New Jersey or the state of New Jersey, the Court finds the request is now moot. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal court jurisdiction, to 'Cases' and 'Controversies.'" U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Petitioner was transferred on September 22, 2026, to the Winn Correctional Center in Winnfield, Louisiana. See Record Document 5. On October 2, 2026, an order was signed transferring this case from the United States District Court for the District of New Jersey to the United States District Court for the Western District of Louisiana. See Record Documents 11 & 12. Since Petitioner has already been lawfully transferred, this issue is no longer a "live" controversy before the Court. As a result, Petitioner's request to enjoin transfer is rendered moot, and must be dismissed.[1]

Finally, Petitioner seeks to stay his removal. A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order)). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., (citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)). Here, it is unclear if this request is premature because it is not evident from the record if a final removal order has been

[1] To the extent Petitioner's request seeks to enjoin transfer to any other district pending adjudication of his Habeas Petiton, the Court notes that, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

entered. Notwithstanding, this Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of his Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for a Temporary Restraining Order (Record Documents 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE